IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William R. Koontz,                                                      Case No. 3:06CV1229

            Plaintiff,

v.                                                                   ORDER

Ohio National Guard, *et al.*,

            Defendants.

This is an employment case. Plaintiff William Koontz alleges the Ohio National Guard, Colonel Daniel Tack, and Colonel Michael McHenry (the Guard, collectively) deprived him of procedural due process during their investigation of alleged misconduct at the National Guard armory in Lima, Ohio.

Jurisdiction exists under 28 U.S.C. § 1331.

Pending is Koontz's motion for a temporary restraining order to prevent the Guard from terminating his employment. For the following reasons, that motion will be denied.

**Background**

Koontz is a non-commissioned officer and federal government employee assigned to the Ohio National Guard's Lima, Ohio armory. He is responsible for maintaining the motor pool at that facility.

The Guard has begun disciplinary procedures against Koontz for allegedly stealing the Guard's property. In addition to their own civil investigation, the defendants have referred the matter to the United States Attorney's Office who have begun a criminal investigation.

The Guard initially suspended Koontz without pay for forty-five days. Upon his return, the defendants informed him they also were terminating his employment. That decision is effective May 18, 2006.

Koontz alleges the Guard's regulations require that, before taking adverse action, they: 1) first advise him of the proposed action; 2) give him opportunity to respond; 3) issue a decision addressing his response; 4) allow him to appeal the decision; and 5) issue a final decision based on that appeal.

The Guard advised Koontz of its proposed order. Koontz responded and the defendants acknowledged that response, but decided termination was still warranted. The plaintiff informed the Guard he wished to appeal. They acknowledged that notice, but have yet to schedule an appeal or name an officer to hear it.

Koontz now seeks a temporary restraining order to prevent the Guard from terminating him before affording him his regulation-mandated appeal.

## Discussion

To determine whether to grant preliminary relief, this Court considers: "(1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief." *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000).

Here, Koontz is unable to demonstrate any threat of irreparable harm. He contends that, because of the prior suspension, his finances are already strained and that any loss of employment

will likely result in foreclosure on his home. In addition, he notes that he stands to lose his health insurance which, because of a chronic back condition, will be a particular burden to him.

Where the government is the employer, however, irreparable injury sufficient to justify preliminary relief only exists in extraordinary circumstances. *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974); *Gilley v. U.S.*, 649 F.2d 449, 454 (6th Cir. 1991). Applying that law, courts have held that likely foreclosure and a loss of medical insurance do not meet the standard. *See Gilley*, 649 F.2d at 655; *Morgan v. Fletcher*, 518 F.2d 236, 239 n.3 (5th Cir. 1975). Accordingly, Koontz's circumstances, though unfortunate, do not justify a temporary restraining order.

## Conclusion

For the foregoing reasons, the motion for a temporary restraining order shall be, and the same hereby is denied.

So Ordered.

s/James G. Carr
James G. Carr
Chief Judge